THIS is a bill of recovery, to ascer^n by the oath of the defendant, whether a note which the complainant Dyre drew in December, 1800, for $ 407, in favor of E. Collin, was not a loan or accommodation note to the fendant, Josias Sturges, and which the said complainant alledges the said Josias Sturges agreed and promised take up and satisfy when it became due $ but which did not take up, and complainant was- obliged to pay, *554 and has the same in his • possession. The complainant states that he has brought suit at law for the recovery. °f the said money j but not being able to prove the same/ demand was rejected by the jury.
The defendant in his answer admits that the complai-brought suit at lawr for the recovery of the money question 5 but he was non-suited because his demand' not f°unded in justice. The defendant admits that the complainant did give such a note as he mentions $ but not on account of this defendant, who had no intc-in that transaction; but it was a loan for the use of Mr. E. Coffin, and it was paid out of the funds of this defendant; that it may be true that the complainant took up tiie said note when lodged for collection at the' bank, but that this defendant paid to complainant íSsoff' in cash, and gave a due-bill for the balance.
The defendant has thus positively denied the allegation of the bill, that the note was an accommodation to defendant on his own account / and this directly negatives the only claim made by the bill. But he admits, however, that it was a loan at his instance for the use of E. Coffin $ and he adds that he himself has paid and settled the note. There was'no engagement in writing tp bind defendant to pay the debt of Mr. Coffin. It depends therefpre wholly oh the defendant’s confession and statement of the transaction ; and by that statement he has paid off the demand and is not liable. And this he is at liberty to do ; for if an executor or other person admits in his answer that he has received certain sums' of money, whiph sums he has paid away or settled, and thus discharging himself, he is at liberty to do so, and it will avail him- provided it be stated relative to the same transactl A The lapse of time too, which would have been a bar at law under the statute of limitations, is unfavorable to the claim, even if it rested on a stronger equitable ground. It is ordered and decreed that the bill be dismissed.
There was no appeal.